IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

        Plaintiff,               No. CIV S-04-2720 FCD DAD P

    vs.

B. HOLMES, et al.,               ORDER AND

        Defendants.       FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16          A claim should be dismissed for failure to state a claim upon which relief may be

17   granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

18   that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

19   Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651

20   F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

21   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp.

22   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

23   plaintiff, and resolve all doubts in the plaintiff's favor,  Jenkins v. McKeithen, 395 U.S. 411, 421

24   (1969).

25   /////

26   /////

1      Here, plaintiff seeks compensatory damages of ninety-seven million dollars from

2   defendants B. Holmes, a correctional lieutenant, and G. Woodford, the Director of the California

3   Department of Corrections.  The following is plaintiff's statement of claim in its entirety:

4          On -11-01-04 I received a copy of my rules violation report and the
       one fifteen is sapose [sic] to be heard no less than 24 hours from
5          the date you receive a-copey [sic] it was sent and this violated my
       due process because I had a right to parepre [sic] for my
6          disciplinary process for my hearing and I was deprived of this
       defendant new [sic] about this because this is withen [sic] the
7          summary of disciplinay [sic] procedgers [sic] this is withen [sic]
       the section of the callfoking [sic] code of regulations CCR 3320
8          also B. Holmes new [sic] because he signed the rules violation
       report[.]  G. Woodford is involved because she is the Director of
9          Corrections and is responsible for all procedgers [sic] and policey
       [sic] of the prison.  Plaintiff seeks money damages due to the
10         deprivedstion [sic] of plaintiff defendants subjected plaintiff two
       [sic].

11

12  (Compl. at 3-4.)

13      Plaintiff's claim is without merit because he is mistaken regarding the applicable

14  regulations addressing the time constraints placed upon such disciplinary hearings.  Section

15  3320, to which plaintiff refers,  provides as follows:

16         The charges shall be heard within 30 days from the date the inmate
       is provided a copy of the CDC Form 115 unless the charges were
17         referred for possible prosecution and the inmate has been granted a
       request for postponement of the disciplinary proceedings pending
18         the outcome of the referral, or if the inmate is transferred out of the
       custody of the department.

19

20  Cal. Code Regs. tit. 15, § 3320(b) (emphasis added).

21      Thus, a hearing must be held within 30 days, not within 24 hours as claimed by

22  plaintiff, after the inmate receives a copy of the Form 115.  The regulation further provides that

23  the inmate must have at least 24 hours to prepare for the hearing, unless the inmate waives the

24  24-hour period, in which case the hearing may be held before the 24-hour period expires.  Cal.

25  Code Regs. tit. 15, § 3320(c)(2).  The plaintiff in this case has not alleged that he waived the 24-

26  hour period in which to prepare by requesting an earlier hearing.  However, had he done so,

3

1   prison officials were permitted, but not required, to hold his hearing within 24 hours after

2   providing him with a copy of the rules violation report.[1]

3          Given the allegations of his complaint, it appears that plaintiff cannot allege facts

4   suggesting a violation of the applicable state regulations.  Even if plaintiff were able to allege

5   facts establishing a violation of a state regulation, plaintiff has not alleged facts that would

6   support a cognizable federal constitutional claim.  In this regard, it is well established that

7   inmates retain certain due process rights in prison disciplinary proceedings.  Wolff v.

8   McDonnell, 418 U.S. 539, 563-71 (1974).  However, state laws and regulations that contain

9   merely procedural requirements, even if those requirements are mandatory under state law, do

10  not give rise to a constitutionally cognizable liberty interest.  Toussaint v. McCarthy, 801 F.2d

11  1080, 1098 (9th Cir. 1987).  A state regulation gives rise to a liberty interest protected by the Due

12  Process Clause of the federal constitution only where the regulation pertains to freedom from

13  restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary

14  incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Plaintiff's allegations do

15  not present a deprivation of any process due in prison disciplinary proceedings nor do they

16  demonstrate that application of the state regulation in his case imposed atypical or significant

17  hardship on him in relation to the ordinary incidents of prison life.

18         It is evident from plaintiff's misunderstanding of the applicable regulation that he

19  cannot cure the defects of his complaint.  The undersigned will therefore recommend that this

20  action be dismissed on the grounds that it is legally frivolous and fails to state a claim upon

21  which relief may be granted pursuant to 42 U.S.C. § 1983.

22         Accordingly, IT IS HEREBY ORDERED that:

23         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24         2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

25

26         [1]  The hearing "may be postponed up to 30 days upon the inmate's written request
    showing a reasonable need for postponement."  Cal. Code Regs. tit. 15, § 3320(d).

4

1   The fee shall be collected and paid in accordance with this court's order to the Director of the

2   California Department of Corrections filed concurrently herewith.

3         IT IS HEREBY RECOMMENDED that this action be dismissed on the grounds

4   that plaintiff's claims are legally frivolous and fails to state a claim upon which relief can be

5   granted.

6         These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8   days after being served with these findings and recommendations, plaintiff may file written

9   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

12  F.2d 1153 (9th Cir. 1991).

13  DATED: August 18, 2005.

14

15                    DALE A. DROZD

                  UNITED STATES MAGISTRATE JUDGE

16  DAD:4
    camp2720.56

17

18

19

20

21

22

23

24

25

26